972 F.2d 338
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Russell James CAMPBELL, Plaintiff-Appellant,
v.
Bishop L. ROBINSON, Secretary; Marvin N. Robbins, Executive
Director I.G.C.; Richard A. Lanham, Commissioner
Department of Public Safety and
Correctional Services,
Defendants-Appellees.
 No. 91-7295.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 5, 1991
Decided: August 4, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, Senior District Judge. (CA-91-2459-H)
 Russell James Campbell, Appellant Pro Se.
 D.Md.
 Affirmed.
 Before HALL, PHILLIPS, and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Russell James Campbell seeks to appeal the district court's order denying relief under 42 U.S.C. § 1983 (1988). Campbell is incarcerated at the Maryland Correctional Training Center at Hagerstown. He alleged that the Inmate Grievance Commission withheld from him for nearly four years its decision on a grievance he filed pursuant to Maryland's Administrative Remedy Procedure. The district court concluded that Campbell's claim was not based on a meritorious legal theory and dismissed pursuant to 28 U.S.C. § 1915(d) (1988). See Neitzke v. Williams, 490 U.S. 319, 327 (1989). We agree that § 1915(d) dismissal was appropriate.
 
 
 2
 Prison regulations can create a constitutional "liberty" interest where officials' discretion is limited by mandatory language dictating a particular outcome when specified criteria are met. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462 (1989). Prisoners do not, however, acquire a "liberty" interest in the procedures themselves. Olim v. Wakinekona, 461 U.S. 238, 250 (1983). Campbell has been deprived of reasonable notice of the disposition of his grievance, a deprivation which does not rise to constitutional dimension when it does not accompany deprivation of a substantive, non-procedural right. See id.
 
 
 3
 Alternatively, Campbell's allegations can be construed as a claim for denial of access to the courts based on the failure to give him notice that his administrative remedies had been exhausted. At the time of his grievance, exhaustion of administrative remedies was not a prerequisite to suit. Thus the lack of notice did not deny Campbell access to the courts.
 
 
 4
 Campbell's claim is not based on a meritorious legal theory. Accordingly, the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED